UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
WINDWARD BORA LLC,

                Plaintiff,               <u>MEMORANDUM & ORDER</u>
                                           20-CV-6046 (JS)(SIL)

   -against-

MELISSA THOMAS,

                Defendant.
--------------------------------X
APPEARANCES
For Plaintiff:        Alan H. Weinreb, Esq.
                     The Margolin & Weinreb Law Group, LLP
                     165 Eileen Way, Suite 101
                     Syosset, New York  11791

For Defendant:        Melissa Thomas, <u>pro se</u>
                     135 Marvin Avenue
                     Hempstead, New York  11550

SEYBERT, District Judge:

      Winward Bora LLC ("Plaintiff") commenced this action pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1301 <u>et seq</u>. against Melissa Thomas ("Defendant") to foreclose on a mortgage encumbering 135 Marvin Avenue, Hempstead, New York 11550 (the "Property").  (<u>See generally</u> Compl., ECF No. 1.)  Although Defendant requested an extension of time to answer or otherwise respond to the Complaint (<u>see</u> Dec. 30, 2020 Ltr., ECF No. 9), she failed to do so.  The Clerk of Court issued a certificate of default on January 19, 2022.  (Entry of Default, ECF No. 13.)  Thereafter, Plaintiff moved for entry of a default judgment of foreclosure and sale against Defendant.  (Mot., ECF

No. 14.)   For the reasons that follow, Plaintiff's motion is GRANTED.

BACKGROUND

The following facts are taken from the Complaint and are assumed to be true for purposes of this motion.  See <u>Nero v. Law Office of Sam Streeter, P.L.L.C.</u>, 655 F. Supp. 2d 200, 204 (E.D.N.Y. 2009) ("[W]hen the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." (internal quotation marks and citation omitted)).

Plaintiff is a single-member limited liability company organized under the laws of the State of Delaware.  (Compl. ¶ 2.) Plaintiff's sole member, Yonel Devico ("Devico"), is a citizen of the Kingdom of Morocco, lawfully admitted for permanent residence in the United States and domiciled in Florida.  (<u>Id.</u>)  Defendant is the borrower on the subject loan and is the mortgagor under the subject mortgage.   (<u>Id.</u> ¶ 3.)   On March 19, 2007, Defendant executed a mortgage (the "Mortgage") against the Property in favor of Continental Home Loans, Inc. ("Continental") to secure the sum of $81,620.00 plus interest. (<u>Id.</u> ¶ 7.)  The Mortgage was recorded on April 5, 2007 in Liber 31742, Page 239 in the Nassau County Clerk's Office. (<u>Id.</u>; <u>see</u> Mortgage, ECF No. 1-1, 4-18.)  On March 19, 2017, Defendant executed and delivered a note (the "Note") to

Continental in the amount of $81,620.00.  (See Compl. ¶ 8; Note, ECF No. 1-1, 19-23.)

"The Note was transferred by the affixation of proper endorsements and allonge thereto." (Compl. ¶ 9.)  The assignments of the Mortgage are as follows:

> a) Assignor: Mortgage Electronic Registration Systems, Inc., as nominee for Continental Home Loans, Inc.
> Assignee: Aspen Properties Group, LLC as Trustee for Aspen G. Revocable Trust
> Dated: July 9, 2018 Recorded: July 25, 2018
> Book 42957, page 747
>
> b) Assignor: Aspen Properties Group, LLC as Trustee for Aspen G. Revocable Trust
> Assignee: Windward Bora LLC
> Dated: June 3, 2019 Recorded: June 28, 2019
> Book 43515, page 82

(Id. ¶ 9; Assignments of Mortgage , ECF No. 1-1, 27-32.)  Any applicable recording tax was paid at the time the Mortgage was recorded.  (Compl. ¶ 10.)

Plaintiff is in physical possession of and the owner of the original Note and Mortgage.  (Id. ¶ 11; see Affidavit of Possession, ECF No. 1-1, 24-26.)  Defendant is non-compliant with the terms and provisions of the Mortgage and the instruments secured by the Mortgage by failing to make monthly payments as of June 1, 2015.  (Compl. ¶ 12.)  Plaintiff's default under the Mortgage continues to date.  (Id.)

Plaintiff has complied with the contractual provisions in the loan documents.  (Id. ¶ 13.)  For example, on August 14,

3

2020, Plaintiff issued a "Default Notice" to cure to Defendant to advise her of the "possible acceleration of the loan and that by virtue of her continuing default . . . if the arrears are not cured, Plaintiff may declare that the outstanding principal balance due under the Note, together with all accrued interest, is immediately due and payable." (Id.)  Plaintiff also complied with RPAPL's 90-day notice requirement pursuant to Section 1304(1), as well as the registration requirements of Section 1306(1). Plaintiff has provided copies of these notices and registration. (See Notices, ECF No. 1-1, 33-41; RPAPL § 1320 Notice, ECF No. 1-2.)  Further, Plaintiff complied "with all the provisions of Section 595a and Section 6-1 of the Banking Law and RPAPL Section 1304, except where it is exempt from doing so." (Compl. ¶ 14.)

Defendant has failed to respond to the default notices and is indebted to Plaintiff pursuant to the terms of the Note and Mortgage for:

> a. The unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges which sum as of August 14, 2020 amounts to $133,329.45[;]
>
> b. Attorney's fees and other costs and disbursements, payable to Windward Bora LLC under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full; and
>
> c. Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

4

(<u>Id.</u> ¶¶ 16-17.)[1]

Plaintiff also requests that in the event this action proceeds to judgment of foreclosure and sale, the Property should be sold subject to the following conditions:

> a. Any state of facts that an inspection of the premises would disclose.
>
> b. Any state of facts that an accurate survey of the premises would show.
>
> c. Covenants, restrictions, easements and public utility agreements of record, if any.
>
> d. Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.
>
> e. Any right of tenants or person in possession of the subject premises.
>
> f. Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale.
>
> g. Prior lien(s) of record, if any.

(<u>Id.</u> ¶ 18.)

Plaintiff confirms that "[n]o other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage or for recovery of the said sum secured by said Note and Mortgage or any part thereof." (<u>Id.</u> ¶ 21.)

---

[1] In its motion for default judgment, Plaintiff does not seek an award of attorneys' fees and costs. (<u>See</u> Support Decl., ECF No. 14-1, at ¶ 8.)

PROCEDURAL HISTORY

Plaintiff commenced this action on December 11, 2020 by filing a verified Complaint.  Defendant was served with copies of the Summons and Complaint on December 23, 2020.  (Summons Service Aff., ECF No. 10.)  Defendant appeared pro se in this action twice: (1) on December 30, 2020, Defendant filed a request for an extension of time to respond to the Complaint; and (2) on March 31, 2021, Defendant filed a signed hardship declaration pursuant to the COVID-19 Emergency Eviction and Foreclosure Prevention Act. (See Dec. 30, 2020 Ltr., Hardship Decl., ECF No. 11.)  Although Defendant was granted an extension of time to April 7, 2021 to respond to the Complaint (see Jan. 7, 2021 Elec. Order), she has failed to do so.

Thereafter, Plaintiff requested a certificate of default on January 19, 2022, and the Clerk of Court entered default against Defendant that same day.  Plaintiff filed the instant motion for default judgment of foreclosure and sale on January 19, 2022. Plaintiff also filed an affidavit of service confirming that a copy of the default motion, along with all supporting papers and exhibits, were mailed to Defendant on January 26, 2022.  (Mot. Service Aff., ECF No. 14-7.)  Defendant has failed to respond to Plaintiff's default motion.

ANALYSIS

I.   Legal Standard

Motions for default judgment are governed by Federal Rule of Civil Procedure ("Rule") 55 of the Federal Rules of Civil Procedure, which provides for a two-step process.  See Priestley v. Headminder, Inc., 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court.  See FED. R. CIV. P. 55(a).  Once the certificate of default is issued, the moving party may apply for entry of a default judgment.  See FED. R. CIV. P.55(b).  Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true.  See Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004); see also FED. R. CIV. P.8(b)(6).  However, the entry of a default judgment is "entrusted to the sound judicial discretion of the court," and a party is not entitled to a default judgment as a matter of right.  Allstate Ins. Co. v. Howell, No. 09-CV-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013) (citation omitted).  In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," and doubts should be resolved in favor of the defaulting party.  See Jiao v. Shang Shang Qian Inc., No. 18-CV-562, 2020 WL 6370148, at *10-11 (E.D.N.Y. Aug. 11, 2020).

A plaintiff seeking a default judgment must demonstrate that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." <u>Gunawan v. Sake Sushi Rest.</u>, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012).  In determining whether to grant a motion for default judgment, the court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." <u>Ferrera v. Tire Shop Ctr.</u>, No. 14-CV-4657, 2015 WL 3562624, at *2 (E.D.N.Y. Apr. 6, 2015).  Accordingly, prior to entering a default judgment, the court must determine whether the plaintiff's allegations establish the defendant's liability "as a matter of law." <u>Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC</u>, 779 F.3d 182, 187 (2d Cir. 2015).

II.  <u>Discussion</u>

    A.  <u>Liability</u>

        1.  <u>Procedural Requirements</u>

As set forth above, Plaintiff has complied with all procedural requirements for seeking a default judgment.  Defendant was served copies of the summons and Complaint, and despite receiving an extension of time, failed to answer or otherwise move to defend the instant case.  After the Clerk of Court entered default against Defendant, Plaintiff served copies of its default motion, supporting papers, exhibits, and proposed judgment upon

Defendant.  To date, Defendant has failed to respond to Plaintiff's motion.

> ## 2.  Foreclosure

A plaintiff seeking to foreclose upon a mortgage must demonstrate: (1) the existence of the mortgage and note; (2) ownership of the mortgage; and (3) the defendant's default in payment on the loan secured by the mortgage.  Windward Bora, LLC v. Brown, No. 21-CV-3147, 2022 WL 875100, at *3 (E.D.N.Y. Mar. 24, 2022) (citing Windward Bora LLC v. Baez, No. 19-CV-5698, 2020 WL 4261130, at *3 (E.D.N.Y. July 24, 2020)).  "[O]nce a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor."  United States v. Watts, No. 13-CV-3211, 2014 WL 4275628, at *2 (E.D.N.Y. May 28, 2014) (citations omitted), report and recommendation adopted, 2014 WL 4293815 (E.D.N.Y. Aug. 28, 2014).

Here, Plaintiff has demonstrated prima facie entitlement to foreclose upon the Property.  First, Plaintiff has established the existence of the Mortgage and Note.  (See Note; Mortgage.) Second, Plaintiff has proven that it is the owner of the Note and in physical possession of the Note.  (See Aff. of Possession ¶ 9 ("Windward Bora is the owner and holder of the Note, with all corresponding allonges.  Said Note was and is held in Plaintiff's

custodian's office located at 82 Jim Linegar Lane, Branston West, MO 65737, where it remains today.").) See also Winward Bora, 2022 WL 875100, at *4 ("Plaintiff's demonstrated possession of the Note grants Plaintiff the rights to enforce the corresponding Mortgage and to initiate the foreclosure action." (citing In re Escobar, 457 B.R. 229, 240 n.10 (Bankr. E.D.N.Y. 2011))). Last, Plaintiff has demonstrated that Defendant defaulted on her contractually required payments to Plaintiff. As alleged in the Complaint, Defendant failed to make her monthly payment due on June 1, 2015, as well as each monthly payment due thereafter. (See Compl. ¶ 12.) Accordingly, Plaintiff's motion for a default judgment of foreclosure and sale is GRANTED.

B.   Damages and Remedies

Although a party's default is viewed as "a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) (citing Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)). Therefore, once a party's default as to liability is established, a plaintiff still must prove damages. See Cement and Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012) (citing FED. R. CIV. P. 55(b)(2)); see also Gutman v. Klein, No. 03-CV-1570, 2010 WL 4975593, at *1 (E.D.N.Y. Aug.

19, 2010) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." (quoting Flaks, 504 F.2d at 707)), report and recommendation adopted, 2010 WL 4916722 (E.D.N.Y. 2010), affirmed, 515 F. App'x 8 (2d Cir. 2013).

Here, in support of its requested damages, Plaintiff submitted an Affidavit of Amounts Due to Plaintiff by Devico ("Devico Aff.) (See Devico Aff., ECF No. 14-6.) Plaintiff seeks to recover $144,989.84, which is comprised of: (1) $81,354.88 in unpaid principal; and (2) $81,354.88 for the total past due interest calculated from May 1, 2015 through January 20, 2022. (Id. ¶¶ 5-8.) Interest was calculated by taking the principal balance and multiplying it by 11.6250%, the interest rate pursuant to the terms of the Note, then dividing that number by 365 to obtain the per diem rate: $81,354.88 x 0.11625 ÷ 365 = $25.91 per diem. (Id. ¶ 7; Note, ECF No. 1-1, at 20.) The date of default is June 1, 2015, therefore, interest is calculated from May 1, 2015 through January 20, 2022, which is 2,456 days: $25.91 x 2,456 = $63,634.96 in total past-due interest. (Devico Aff. ¶ 7.) Accordingly, the Court awards $144,989.94 to Plaintiff plus per diem interest of $25.91 as of January 20, 2022, continuing through the date judgment is entered.

Plaintiff also asks to sell the Property as one parcel and that the sale of the Property be conducted through the appointment of a referee.  The Court grants this relief, which is routinely provided in cases of mortgage foreclosures and sales. See Brown, 2022 WL 875100, at *5 (first citing Windward Bora LLC v. Valente, No. 18-CV-4302, 2019 WL 3872853, at *3 (E.D.N.Y. July 16, 2019); then citing Gustavia Home, LLC v. Bent, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018)).

CONCLUSION

For the stated reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion for default judgment is GRANTED.  Plaintiff is directed to serve Defendant with copies of this order and the accompanying judgment forthwith, and to file proof of such service by October 7, 2022.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September 30, 2022
       Central Islip, New York